IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FERMIN DIAZ, #13330-078 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1200 |
| UNITED STATES OF AMERICA | § | |

<u>MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION
AND ENTERING FINAL JUDGMENT</u>

Movant Fermin Diaz, an inmate confined at the Adams County Correctional Institution in Mississippi, proceeding *pro se*, filed the above-styled motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. This Court ordered the matter be referred to the United States Magistrate Judge.

**I. Procedural Background**

Diaz is in federal custody pursuant to a conviction for one count of conspiracy to possess with intent to distribute and the distribution of more than ten kilograms of methamphetamine under 21 U.S.C. § 846 and one count of the use and carrying a firearm during a drug trafficking crime under 18 U.S.C. § 924(c), in case number 6:06-cr-46. On November 9, 2006, Diaz entered a guilty plea in accordance with a negotiated plea agreement. Pursuant to the agreement, on June 12, 2007, Diaz was sentenced to 135 months' imprisonment for the conspiracy charge and 60 months' imprisonment on the firearm charge—to be served consecutively. The formal judgment and sentence was entered on June 20, 2007. *See* 6:06-cr-46, Dkt. #752. Diaz did not file a direct appeal.

On June 15, 2015, the Court reduced Diaz's sentence for the conspiracy count to the statutory minimum of 120 months' imprisonment under 18 U.S.C. § 3582 after a retroactive

1

amendment to the sentencing guidelines for drug offenses. *See* 6:06-cr-46, Dkt. #849. Consequently, Diaz is serving a total of fifteen years' imprisonment.

Diaz filed this instant section 2255 motion in August 2016. He sought a downward departure under 18 U.S.C. § 924(e)(2). He cited *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Welch v. United States*, 136 S.Ct. 1257 (2016), in support of his motion. Diaz also maintains that it "was very clear that the firearm [did] not belong to petitioner and also he was indicted by [a] unreliable witness." Diaz also argued that under *Bailey v. United States*, 516 U.S. 137 (1995), Court must vacate his convictions for the "use" of a firearm during the drug trafficking offense. Specifically, he maintained that "it was very clear that the firearms [did not] belong to petitioner" and that "evidence of the proximity and accessibility of the firearm to the drug or drug proceeds is not alone sufficient to support a conviction for 'use' under the statute."

After a review of the pleadings and the underlying criminal record, the Magistrate Judge issued a Report recommending that, because his motion was both untimely and meritless, Diaz's motion should be dismissed. Diaz has filed timely objections, (Dkt. #10).

**II. Diaz's Objections**

In his objections, Diaz maintains that his plea does not "qualify as intelligent" because he did not receive "real notice" of the charge against him. He also reiterates his main argument within his section 2255 motion: The firearm used during the crime did not belong to him and the State did not prove "active employment" of the firarm.

**III. Legal Standards**

Section 2255 is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). Section 2255 "provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United

States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is subject to collateral attack." *U.S. v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1999) (citing *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, which imposed a number of habeas corpus reforms, an inmate must file a section 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Section 2255 imposes a general one-year statute of limitations.

A case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. When an inmate does not file a direct appeal, the conviction becomes final when the time for filing a notice of appeal has expired—which, in the federal system, is fourteen days. *See* Fed. R. App. P. 4(b)(1)(A); *see also U.S. v. Plascencia*, 537 F.3d 385, 388 (2008).

Here, the Magistrate Judge correctly determined that Diaz's motion was untimely. As the Report indicated, because Diaz did not file a direct appeal, his conviction became final in July 2007. Therefore, his one-year statute of limitations for filing a timely section 2255 motion expired in July 2008—thereby rendering this August 2016 motion untimely. Moreover, the Magistrate

3

Judge correctly found that Diaz's motion was untimely under *Johnson*. The Supreme Court issued *Johnson* on June 26, 2015; therefore, the one-year limitation period expired on June 26, 2016. *See Hardeman v. United States*, 2016 EL 6157433 *4 (W.D.Tex.—Austin, Oct. 21, 2016) (not designated for publication) (explaining that the one-year statute of limitations period for *Johnson* claims began to run on June 26, 2015); *see also Dodd v. United States*, 545 U.S. 353, 359 (2005) (one-year limitations period runs from the date on which the Supreme Court initially recognized the right, regardless of when it is made retroactively applicable.). Accordingly, Diaz's motion, filed on August 1, 2016, and solely relying on *Johnson*, is untimely under § 2255(f)(3).

The Magistrate Judge also properly found that *Johnson* does not apply to Diaz's sentence. In *Johnson*, the Supreme Court examined the Armed Career Criminal Act (ACCA), explaining the Act as follows:

> Federal law prohibits certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Criminal Career Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

*Johnson*, 135 S.Ct. at 2555. Moreover, the Court scrutinized the "residual clause" portion of the Act's definition of a violent felony:

> [A]ny crime punishable by a term exceeding a year … that—
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves the use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**.

*Id*. at 2555-56 (emphasis added). Ultimately, the Court held that imposing a sentence increase under the residual clause violates due process, in part, because the residual clause leaves too much uncertainty about how to estimate or calculate the potential risk of injury posed by a crime. *Id*. at 2557.

Here, as the Magistrate Judge determined, Diaz was not convicted under the Armed Criminal Career Act. Rather, he was convicted for the conspiracy count under 21 U.S.C. § 846 and for a count regarding his use/carrying of a firearm during a drug trafficking crime under 18 U.S.C. § 924(c). *See* 6:06-cr-46, Dkt. #752 (criminal judgment). A review of his Presentence Report (PSI) shows that Diaz's sentence was not enhanced based on prior convictions for a "serious drug offense" or a "violent felony," which would trigger application of *Johnson*. Diaz was thus not convicted under the Armed Criminal Career Act, and the Magistrate Judge correctly recommended that this motion be dismissed.

Turning to Diaz's complaint regarding the "use" of a firearm, the Court notes that the Magistrate Judge properly found that his claims were misguided and, therefore, his current objection is without merit. In *Bailey*, the Supreme Court held "use" under U.S.C. §924(c) must constitute more than "simple possession" and requires some measure of "active employment," but not necessarily "use as a weapon." *Bailey*, 516 U.S. at 144. In other words, "there must be sufficient evidence to show 'a use that makes the firearm an operative factor in relation to the predicate offense.'" *See U.S. v. Cole*, 423 Fed.App'x 452, 460 (5th Cir. 2011) (citing and quoting *Bailey*, 516 U.S. at 143). In determining whether the firearm constituted an operative factor in relation to the predicate offense under section 924(c), courts examine whether the firearm had some purpose or effect with respect to the drug trafficking crime; "there must be evidence that the defendant "used the weapon to protect or facilitate [a] drug operation, and that the weapons were in some way connected to the drug trafficking." *Id*. at 460-61 (quoting *United States v. Baptiste*, 264 F.3d 578, 588 (5th Cir. 2001)).

Here, the record demonstrates that Diaz actively employed a firearm, which had a purpose and effect with respect to his drug trafficking crimes. Specifically, Diaz's final PSR in his

5

underlying criminal conviction denotes that Diaz became involved in a drug cartel and collected firearms "in lieu of cash for narcotic deals." Diaz delivered firearms to the cartel on two occasions in exchange for methamphetamine. On one occasion, Diaz "returned with a pound of methamphetamine after delivering firearms," and on another occasion "Diaz returned with a large quantity of marijuana." *See* 6:06-cr-46, Dkt. #743. The PSR also denotes that law enforcement searched one of Diaz's residences and discovered pistols, shotguns, magazines, and ammunition. *Id*.

Accordingly, the record illustrates that Diaz used firearms to facilitate a drug operation, as he furnished firearms in exchange for drugs. The evidence showed that the firearms were an operative factor in the drug trafficking conduct. In fact, "a defendant who barters a gun while committing a predicate crime has 'used' a firearm under §924(c)(1)(A)." *U.S. v. Pinkston*, 75 Fed.App'x 309, 311 (5th Cir. 2003); *see also Bailey*, 516 U.S. at 143 (explaining that the bartering of a gun for drugs was a "use" under section 924(c)) (citing *Smith v. United States*, 508 U.S. 223 (1993) (use of firearm as a medium of exchange)). Consequently, the record demonstrates that Diaz "used" a firearm during a drug trafficking crime as defined under section 924(c). As the Magistrate Judge recommended, this claim must be dismissed.

Finally, with respect to Diaz's objection concerning how he purportedly did not receive real notice of the charges against him, the Court notes that this objection presents a new issue—raised for the first time on objection. Generally, an issue raised for the first time in an objection to a Magistrate Judge's Report is not properly before the District Court. *See Place v. Thomas*, 61 Fed.App'x 120, 2003 WL 342287, *1 (5th Cir. 2003); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Moreover, and importantly, a party objecting to a Magistrate Judge's Report must specifically identify those findings to which he or she objects. Frivolous, conclusory, or

6

general objections need not be considered by the District Court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

Here, an additional review of Diaz's underlying section 2255 motion shows that he did not raise the issue concerning notice of the charges until now on objection. Diaz's motion raised the *Johnson* claim and the "use of a firearm" argument. Accordingly, this claim is not proper before the District Court and will be dismissed. The Magistrate Judge's Report is correct and Diaz's section 2255 motion should be dismissed.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Movant's objections are without merit. Accordingly, it is

**ORDERED** that Movant's objections, (Dkt. #10), are overruled and the Report of the Magistrate Judge, (Dkt. #9), is **ADOPTED** as the opinion of the District Court. Furthermore, it is

**ORDERED** that that the above-styled motion to vacate, set aside, or correct his federal sentence is **DISMISSED**. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **11** day of **May, 2018.**

_____
Ron Clark, United States District Judge

7